# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL TEPPER and REBECCA RUFO-TEPPER, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>SANTANDER BANK, N.A., and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No. 7:20-cv-00501-KMK |

## [PROPOSED] AMENDED ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, GRANTING PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND PROVIDING FOR NOTICE

WHEREAS, a putative class action complaint was filed in this District on January 20, 2020 (the "Action") by plaintiffs Daniel Tepper and Rebecca Rufo-Tepper ("Plaintiffs"), individually and on behalf of the Settlement Class, against defendant Santander Bank, N.A. ("Defendant");

WHEREAS, on July 6, 2021, Plaintiffs made an unopposed motion, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of the Action ("Motion"), in accordance with the Agreement, which, together with the Exhibits attached thereto, sets forth the terms and conditions for a proposed settlement of the Action;

WHEREAS, the Parties represent that they have conducted an extensive and thorough examination, investigation and evaluation of the relevant facts and allegations to assess the merits of the potential claims to determine the strength of both defenses and liability sought in the Action.

WHEREAS, as part of that investigation, Settlement Class Counsel obtained significant information from Defendant through informal discovery relating to the Action;

WHEREAS, Settlement Class Counsel asserts that they extensively investigated the basis for the Settlement Class Members' claims, including the various state laws relating to Defendant's obligation to provide interest on funds accrued in mortgage escrow accounts, as well as the legal landscape, to determine the strength of the claims, the likelihood of success, and the parameters within which courts have assessed settlements similar to the proposed Agreement; and

WHEREAS, the Parties have entered into an Agreement in which they have agreed to settle the Action, subject to the approval and determination by the Court as to the fairness, reasonableness, and adequacy of the Settlement, which, if approved, will result in dismissal of the Action with prejudice; and the Court, having reviewed the Agreement, including the exhibits attached thereto, as well as the Motion and all declarations filed in support, and having found good cause based on the record,

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED as follows:

1.      This Preliminary Approval Order incorporates by reference the definitions in the Agreement, and all terms used in this Order shall have the same meanings as set forth in the Agreement.

2. **Jurisdiction.**  The Court has jurisdiction over the subject matter of the Action, Plaintiffs, the Settlement Class Members, and Defendant.

3. **Preliminary Class Certification for Settlement Purposes Only.**  Having made the findings set forth above, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), the Court hereby preliminarily certifies a class (the "Settlement Class") for settlement purposes only, of all persons, including individuals and entities, who are holding, or have held, during the Class Period, a mortgage loan secured by real property in the states of Connecticut, Iowa, Maine, Maryland, Massachusetts, New York, Oregon, Rhode Island, Vermont, Utah or Wisconsin who would have been due interest on an escrow account maintained by Santander under the law of the state in which the property was located but were not paid such interest.  Excluded from the Settlement Class are Defendant; Defendant's officers and directors at all relevant times, as well as members of their immediate families and their legal representatives, heirs, successors, or assigns; and any entity in which Defendant has or had a controlling interest.  "Class Period" means the period beginning, for Settlement Class Members whose mortgage loan is secured by real property in Iowa or Rhode Island, on January 1, 2010; in Connecticut, Maine, Massachusetts, New York, Oregon, Utah, Vermont, or Wisconsin, on January 1, 2014; and in Maryland, on January 1, 2017; and ending on the date this Order is entered by the Court.

4. The Court preliminarily finds, solely for purposes of the Settlement, that the Court is likely to be able to certify the proposed Settlement Class for purposes of judgment on the Settlement proposal because:  (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to Settlement Class Members; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. **Class Representative and Class Counsel.** The Court appoints Janine L. Pollack and Michael Liskow of Calcaterra Pollack LLP as Class Counsel for the Settlement Class. Daniel Tepper and Rebecca Rufo-Tepper are hereby appointed as Class Representatives.

6. **Preliminary Settlement Approval.** The Court preliminarily approves the Settlement set forth in the Agreement as being within the range of possible approval as fair, reasonable, and adequate, within the meaning of Federal Rule of Civil Procedure 23 and the Class Action Fairness Act of 2005, based on the Parties' information provided to the Court and subject to final consideration at the Final Approval Hearing provided for below. Accordingly, and because the Court is likely to be able to certify the proposed Settlement Class for purposes of judgment on the Settlement proposal, the Court has adequate grounds to direct Notice to the Settlement Class.

7. **Final Approval Hearing**. The Final Approval Hearing shall take place before the Honorable Kenneth M. Karas on ___October 27, 2022 at 10:00 am___ **[no earlier than 130 calendar days after the entry of this Order]**, by teleconference, to determine, among other things: (a) whether the Action should be finally certified as a class action for settlement purposes pursuant to Rule 23(a) and (b)(3); (b) whether the Settlement of the Action should be finally approved as fair, reasonable, and adequate pursuant to Rule 23(e); (c) whether the Action should be dismissed with prejudice pursuant to the terms of the Agreement; (d) whether Settlement Class Members should be bound by the release set forth in the Agreement; (e) whether the application of Plaintiffs' Counsel for an award of Attorneys' Fees and Expenses should be approved pursuant to Rule 23(h); and (f) whether the application of the named Plaintiffs for a Service Award should be approved.

8. **Administration.** In consultation with, and with the approval of, Defendant, Class Counsel is hereby authorized to establish the means necessary to administer the Proposed Agreement and implement the Claim Process, in accordance with the terms of the Agreement.

9. **Class Notice**.  The proposed Short Form Notice, Long Form Notice, and the Notice Program described in the Agreement and in the Declaration of the Administrator are hereby approved.

   a. Pursuant to the Agreement, the Court appoints KCC Class Action Services, LLC to be the Administrator to assist in implementing the terms of the Agreement.

   b. Not later than 30 calendar days after the entry of this Order, Defendant shall transfer the amount of the estimated Administrative Costs, as set forth in the Agreement, to the Administrator to deposit into the Settlement Fund Account.

   c. Not later than 60 calendar days after the entry of this Order, the Administrator shall establish an Internet website that will inform Settlement Class Members of the terms of the Agreement, their rights, dates and deadlines, and related information.  The website shall include materials agreed upon by the Parties and as further ordered by this Court.

   d. Not later than 60 calendar days after the entry of this Order, the Administrator shall establish an automated toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries and to provide automated answers to questions.  Settlement Class Members will also have the ability to request a callback from an agent of the Administrator, in English or Spanish, if they have additional questions.

   e. By no later than 60 calendar days after the entry of this Order, and subject to the requirements of this Order, the Agreement, and the Declaration of the Administrator, the Administrator shall have completed the Notice Program, including the internet banner advertisements as described in the Declaration of the Administrator.

      f.      Not later than ten (10) calendar days before the date of the Final Approval Hearing, the Administrator shall file with the Court:  (a) a list of those persons who have opted out or excluded themselves from the Settlement; (b) the details outlining the scope, methods, and results of the notice program; and (c) confirmation of compliance with the obligation to give notice to each appropriate State and Federal official, as specified in 28 U.S.C. § 1715, and any other applicable statute, law or rule, including, but not limited to, the Due Process Clauses of the United States Constitution.

    10.    **Findings Concerning Notice.**  The Court finds that the form, content, and method of giving notice to the Settlement Class as described in Paragraph 9 of this Order:  (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the Agreement, and their rights under the  Agreement, including but not limited to their rights to object to or exclude themselves from the Agreement and other rights under the terms of the Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clauses of the United States Constitution.  The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

    11.    **Exclusion from the Settlement Class.**  Any Settlement Class Member who wishes to be excluded from the Class may elect to opt out of the Agreement, relinquishing his or her rights to monetary compensation under the Settlement.  Settlement Class Members who opt out of the Settlement will not release their claims for damages that accrued during the Class Period. Settlement Class Members wishing to opt out of the Settlement must submit to the Administrator a personally-signed letter including his or her name and address, and providing a clear statement communicating that he or she elects to be excluded from the Settlement Class.  To be effective,

this opt-out letter must (1) be postmarked no later than <u>Sept. 29, 2022</u> [**28 calendar days before Final Approval Hearing**]; (2) include the individual's full name, address, telephone number, and the last four digits of his or her Santander mortgage loan number(s); (3) state that the individual wants to be excluded from the Settlement in *Tepper v. Santander Bank, N.A.*, No. 7:20-cv-00501-KMK (S.D.N.Y.); and (4) be personally signed and dated by the individual.  The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.  The Administrator shall forward copies of any written requests for exclusion to Class Counsel and Defendant's Counsel.  The Administrator shall file a list reflecting all requests for exclusion with the Court no later than ten (10) calendar days before the Final Approval Hearing.  Any Settlement Class Member who does not file a timely written request for exclusion shall be bound by all subsequent proceedings, orders, and judgments, including, but not limited to, the release in the Agreement, even if he or she has litigation pending or subsequently initiates litigation against Defendant relating to the claims and transactions released in this Action.

   12. **Objections and Appearances.**  A Participating Settlement Class Member may object to the Agreement either on his or her own without an attorney, or through an attorney hired at his or her expense.  Any objection must be electronically filed with the Court no later than <u>Sept. 29, 2022</u> [**28 calendar days before Final Approval Hearing**] (the "Objection Deadline"), or mailed first-class postage prepaid and addressed in accordance with the instructions in the Class Notice.  The postmark date indicated on the envelope must be no later than the Objection Deadline, as specified in the Class Notices.  The objection must also be emailed to Class Counsel, Defendant's Counsel and the Administrator no later than the Objection Deadline.

   13. Any objection shall contain (a) the name of the Action (*Tepper v. Santander Bank, N.A.*, No. 7:20-cv-00501-KMK (S.D.N.Y.)); (b) the objector's full name, address, email and phone number; (c) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (d) all grounds for the objection, accompanied by any legal support for the objection; (e) the identity of all counsel who represent the objector in this matter, including any former or

current counsel who may be entitled to compensation for any reason related to the objection; (f) a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; and (g) the objector's signature (an attorney's signature is not sufficient).

14. All evidence and legal support a Participating Settlement Class Member wishes to use to support an objection must be filed with the Court on or before the Objection Deadline or sent to the Parties postmarked on or before the Objection Deadline. Any Participating Settlement Class Member who timely files and serves an objection in accordance with this section may appear at the Final Approval Hearing, either in person or through an attorney. If the Participating Settlement Class Member chooses to appear at the Final Approval Hearing, no later than five (5) calendar days before the Final Approval Hearing, a Notice of Intention to Appear, either In Person or Through an Attorney, must be filed with the Court, listing the name, address, email and telephone number of the attorney, if any, who will appear.

15. Any Settlement Class Member who fails to comply with the provisions of this Order shall waive and forfeit any and all rights he or she may have to object, and shall be bound by all terms of the Agreement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the release in the Agreement in the Action.

16. Class Counsel and Defendant shall have the right to respond to any objection no later than seven (7) calendar days prior to the Final Approval Hearing. The Party so responding shall file a copy of the response with the Court, and shall serve a copy by email (if provided by the Objector) or by regular mail, hand or overnight delivery to the objecting member of the Settlement Class or to the individually-hired attorney for the objecting member of the Settlement Class; to Class Counsel; and to Defendant's Counsel.

17. Any Settlement Class Member who fails to file and serve timely a written objection and notice of his/her intent to appear at the Final Approval Hearing pursuant to this Section shall not be permitted to object to the Settlement and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by any means, including but not limited to an appeal.

18. **Termination of Settlement.**  This Order shall become null and void and shall not prejudice the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Agreement; (b) the Settlement is terminated in accordance with the Agreement; or (c) the Settlement does not become effective as required by the terms of the Agreement for any other reason.  In such event, the Settlement and Agreement shall become null and void and be of no further force and effect, and neither the Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose.

19. **Nationwide Stay and Preliminary Injunction.**  Pending final determination of whether the Settlement should be finally approved, Plaintiffs, all Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are enjoined from commencing or prosecuting against Defendant, or against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the claims released by the Agreement, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members who timely exclude themselves in a manner that complies with Paragraph 11 of this Order.  This injunction is necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and authority to effectuate this Settlement and enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

20. **Effect of Agreement and Order.**  Class Counsel, on behalf of the Settlement Class, and Defendant entered into the Agreement solely for the purpose of compromising and settling disputed claims.  This Order shall be of no force or effect if the Settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability.  The Agreement, the documents relating to the Agreement, and this Order are not, and should not in any event be (a) construed, deemed, offered or received as evidence of a presumption, concession or admission on the part of Plaintiffs,

Defendant, any member of the Settlement Class or any other person; or (b) offered or received as evidence of a presumption, concession or admission by any person of any liability, fault, or wrongdoing, or that the claims in the Action lack merit or that the relief requested is inappropriate, improper, or unavailable for any purpose in any judicial or administrative proceeding, whether in law or in equity.

21. **Retaining Jurisdiction**. This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Settlement Class.

22. **Continuance of Hearing.** The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve or modify the Settlement without further notice to Settlement Class Members.

23. The Court sets the following schedule for the Final Approval Hearing and the actions which must precede it:

   a. Plaintiffs shall file their Motion for Final Approval of the Settlement no later than [**42 calendar days before Final Approval Hearing**] September 15, 2022 _____.

   b. Plaintiffs shall file their Fee & Expense Motion and Motion for Service Award no later than [**42 calendar days before Final Approval Hearing**] September 15, 2022 _____.

   c. Settlement Class Members must file any objections to the Settlement, the Fee & Expense Motion and/or the Motion for Service Award by no later than [**28 calendar days before Final Approval Hearing**] September 29, 2022 _____.

d. Settlement Class Members must exclude themselves, or opt-out, from the Settlement by no later than [**28 calendar days before Final Approval Hearing**] September 29, 2022 .

e. Settlement Class Members who intend to appear at the Final Approval Hearing must file a Notice of Intention to Appear at the Final Approval Hearing by no later than [**5 calendar days before Final Approval Hearing**] October 23, 2022 .

f. The Administrator shall file:  (a) a list of those persons who have opted out or excluded themselves from the Settlement; (b) the details outlining the scope, methods, and results of the notice program; and (c) compliance with the obligation to give notice to each appropriate State and Federal official, as specified in 28 U.S.C. § 1715, and any other applicable statute, law or rule, including, but not limited to, the Due Process Clause of the United States Constitution by no later than [**10 calendar days before the Final Approval Hearing**] October 17, 2022 .

g. Class Counsel and Defendant shall have the right to respond to any objection no later than [**7 calendar days prior to the Final Approval Hearing**] October 20, 2022 .

h. The Final Approval Hearing will take place on October 27, 2022 at 10:00 am [**no less than 130 calendar days from the date of the entry of this Order**] by teleconference.  The teleconference dial-in number is (USA toll-free): (888) 363-474, and the access code is 7702195. Please enter the conference as a guest by pressing the pound sign (#).

11

**SO ORDERED**

DATED: _____June 14_____, 2022

_____
Honorable Kenneth M. Karas
U.S. District Judge